[No. 9703.    Department One. — February 22, 1887.]

## CLAUS SPRECKELS, RESPONDENT, *v.* JOHN S. ORD, APPELLANT.

EJECTMENT — FINDINGS — STATUTE OF LIMITATIONS — FAILURE TO FIND ON ISSUE OF — EVIDENCE. — In an action of ejectment in which judgment is rendered in favor of the plaintiff, the failure of the court to find upon an issue raised by a plea of the statute of limitations is a fatal error, unless the evidence shows that the finding, if one had been made, must have been adverse to the appellant.

ID. — STIPULATION WAIVING STATUTE — ENTRY IN MINUTES — JUDGMENT ROLL — AMENDMENT OF ANSWER. — In such a case, a stipulation entered in the minutes of the court, waiving any claim by adverse possession or under the statute of limitations, constitutes no part of the judgment roll, and cannot be construed as an amendment of the answer striking out the plea of the statute.

DEED — DESCRIPTION — PATENT AMBIGUITY. — A deed under which the defendant claimed described the property conveyed as "beginning at the head of the Arroyo de los Borregos, at a blazed oak-tree, and running down and along said arroyo to the sea beach; thence along the same easterly to some small trees growing in a small pocket or break in the top of the cliff, one of which is blazed; thence north to a blazed tree and the gulch near by, being the first gulch to the east of the Arroyo de los Borregos, running parallel to a blazed oak-tree growing at the head of said gulch; thence westerly in a direct line to the place of beginning." *Held,* that there was no patent ambiguity in the description.

ID. — LATENT AMBIGUITY — PLACE OF BEGINNING — EVIDENCE TO IDENTIFY. — *Held further,* that if the evidence showed a latent ambiguity as to

the place of beginning, by reason of the fact that the head of the arroyo and the blazed tree were a considerable distance apart, it was the duty of the court to determine, as matter of law, that the tree was the controlling monument, and that evidence to identify the tree was admissible.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order refusing a new trial.

The facts are stated in the head-notes and opinion of the court.

*A. S. Kittredge*, and *S. W. Holladay*, for Appellant.

*Charles B. Younger*, for Respondent.

McKINSTRY, J.—An action to recover the possession of real property. The defendant pleaded the appropriate statute of limitations, contained in certain sections of the Code of Civil Procedure.

The appeal is from a judgment in favor of the plaintiff,—as well as from an order denying a motion for a new trial,—and the court below failed to find upon the issue made by the plea of the statute.

Thus the court failed to find upon a material issue. In such cases we can affirm the judgment only when the evidence shows that the finding, if one had been made, must have been adverse to the appellant.

No bill of exceptions has been brought up showing what evidence was offered in support of the plea of the statute of limitations, or that none was offered, or that at the trial it was agreed the court should find against the defendant upon the plea, or that the plea of the statute was withdrawn. We cannot say, therefore, that if the court had found on the issue the finding would have been against the defendant.

If, at the trial, the counsel for the respective parties, by stipulation entered in the minutes, stipulated "both

parties waive any claim by adverse possession, or under the statute of limitations," such entry in the minutes constitutes no part of the judgment roll. (Code Civ. Proc., sec. 670.) Nor can the entry be construed an amendment of the answer striking out the plea of the statute. Pleadings must be in writing, subscribed by the party or his attorney. (Code Civ. Proc., sec. 446.) If a complaint is amended, a copy of the amendments must be filed, etc. (Code Civ. Proc., sec. 432.) And such has always been the practice with respect to amendments of answers.

For failure to find upon a material issue the judgment must be reversed.

There is no patent ambiguity in the deed from Castro to the grantor of the defendant, since the blazed tree and the head of the Arroyo de los Borregos are both stated to be at the same point; and so of the blazed tree and the head of the gulch mentioned. When the evidence showed, if it did show, that the head of the arroyo and the blazed tree (both mentioned in the deed as the commencement point) were a considerable distance apart, the ambiguity, hitherto latent, was discovered. It was for the jury, or court sitting as a jury, to find as fact where was the head of the arroyo, and where was the blazed tree; and inasmuch as the tree actually blazed by the parties to the deed, or adopted by them as the point of commencement, was a more certain object than the "head" of the arroyo,—a place somewhat indefinite, and perhaps shifting,—it was the duty of the court to determine, as matter of law, that such tree (if clearly identified) was the controlling monument. Evidence tending to identify the tree was admissible. But as the cause must go back for a new trial, we decline to express any opinion as to the credibility of the only witness whose testimony has been brought here, or as to whether his testimony tended to fix the location of the trees, or was sufficient to identify them.

Judgment and order reversed, and cause remanded for a new trial.

TEMPLE, J., and PATERSON, J., concurred.

Hearing in Bank denied.