[S. F. No. 3942. Department One.—January 10, 1907.]

## FRANCES V. KING, Appellant, v. CHARLES E. DUGAN and LYDIA DUGAN, Respondents.

ORDER DENYING NEW TRIAL—DELAY IN SERVICE OF STATEMENT—SHOWING OF RELIEF—REVIEW UPON APPEAL—RECORD.—Upon appeal from an order denying a new trial, where admittedly the proposed statement on the motion was not served in time, if the record does not disclose any action of the court, upon a proper showing, under section 473 of the Code of Civil Procedure, relieving the moving party from the effect of such failure, the settled statement cannot be considered. A notice of motion for such relief, and a minute order granting it printed in the transcript but not embodied in the statement or bill of exceptions, is no part of the record.

ID.—PRACTICE—SETTLED STATEMENT—SUFFICIENCY OF SHOWING AS TO RELIEF FROM DEFAULT.—Though it is the better practice to incorporate in the settled statement a showing in terms that application for relief from default was made, and that the court granted the same; yet this substantially appears, where the settled statement shows that the only response to the objections that the statement was not prepared or served in time, consisted of affidavits of mistake, surprise, and excusable neglect, sufficient to justify the discretion of the court in granting relief from the default, and that the objections were heard in open court and submitted upon the affidavits, counter-affidavits, and a rebutting affidavit, and were overrruled, and the statement was ordered settled and filed; and such settled statement will be considered upon appeal.

EJECTMENT — NAKED LEGAL TITLE — MISTAKE IN DESCRIPTION OF LOTS SOLD — POSSESSION UNDER EQUITABLE TITLE — DEFENSE — REFORMATION NOT REQUIRED.—Where the plaintiff in ejectment, having notice of the equities of the defendants, acquired the naked legal title of a vendor in one of two lots, both of which were

actually sold and possession thereof delivered by the vendor to the vendee, under a deed describing the acreage of both lots, but by mistake describing the metes and bounds of one lot only, the defendants, as subsequent grantees of such vendee, who are in actual possession of a part of each of said lots, having full equitable title to the part of one of them not fully described in the deed, may defend the action upon such equitable title without the necessity of a reformation of the deed.

ID.—RECORDED MAP—DEDICATION OF STREETS BY VENDEE—ESTOPPEL IN PAIS—NOTICE—STREETS NOT RECOVERABLE.—Where defendants acquired title to their lots bounded by streets shown upon a map recorded by the original vendee, they have an equitable right to the use of such streets by way of estoppel *in pais* against the vendee and all claiming under him; and where plaintiff claimed under him by subsequent deed, and took with notice of their rights to the use of the streets under such map, plaintiff cannot recover any part of the legal title in such streets.

ID.—EFFECT OF DECREE QUIETING PLAINTIFF'S TITLE AGAINST ORIGINAL VENDOR—TRANSFER OF NAKED TITLE.—A decree obtained by plaintiff claiming under such subsequent deed, quieting his title to the lot in controversy against the original vendor of the two lots, only had the effect to transfer the naked legal title of such vendor to the plaintiff in ejectment, who, having taken with notice of all of the equitable rights of the defendants, such equitable rights are a complete defense to his action upon the bare title.

APPEAL from an order of the Superior Court of San Mateo County denying a new trial.  Geo. C. Buck, Judge.

The facts are stated in the opinion of the court.

Edward J. Linforth, for Appellant.

George C. Ross, for Respondents.

ANGELLOTTI, J.—This is an action in ejectment.  Judgment went for defendants and plaintiff appeals from an order denying her motion for a new trial.

Defendants make a preliminary objection to any consideration by this court of the statement on motion for a new trial, on the ground that no statement was prepared or served within the time prescribed by law, or as extended by stipulation of counsel or any valid order of court.  Admittedly the proposed statement was not served in time.  Objection to the settlement of the statement was duly made and overruled.

In the absence of action on the part of the trial court made upon a proper showing under section 473 of the Code of Civil Procedure, relieving plaintiff from the effect of her failure, the statement could not be considered here. (See *Cameron* v. *R. R. Co.*, 129 Cal. 279, 282, [61 Pac. 955]; *Wheeler* v. *Karnes*, 125 Cal. 51, [57 Pac. 893].) It is claimed that there was no such action on the part of the trial court. We think that the statement sufficiently shows such action. It is true that what purport to be, first, a notice of motion for such relief and the settlement of the statement, and, second, a minute order granting said motion, printed in the transcript, constitute no proper part of the record on appeal, not being included in any bill of exceptions or statement, and cannot be here considered. (See Code Civ. Proc., secs. 661, 952.) But it does appear from the statement that in response to the objections, the only showing made by plaintiff was one by affidavits of mistake, surprise, and excusable neglect under section 473 of the Code of Civil Procedure. This was met by counter-affidavits on the part of defendants and by an affidavit in rebuttal on the part of plaintiff. The objections were heard in open court, and submitted to the court on these affidavits, and it is stated that they were "after consideration, overruled, and said statement ordered settled and filed." It would doubtless have been better and safer practice to incorporate in the statement a showing in terms that application for relief was made to the court, and also that the court granted the same, but we are inclined to the opinion that this should be held to be the effect of what is said therein. A sufficient showing of excuse was made to preclude us from saying the court abused its discretion in relieving plaintiff from the effect of her default.

The land involved in the action is a small strip thirty-seven feet wide and about three hundred and twenty-five feet long. It is the most easterly portion of lot 5, subdivisions of the Mezes Ranch, Belmont, in San Mateo County, adjoining lot 6 of the same tract. One Harriet M. Lewis was originally the owner of both lots 5 and 6, containing 9 acres of land. On February 2, 1893, said Lewis agreed to sell to one W. O. Brown all of said property, subject to a mortgage that covered the same, which Brown subsequently satisfied, and on that day executed her deed to Brown, intending to convey to him

thereby and he intending to acquire thereby all of said nine acres. The description in this deed was by metes and bounds and acreage. The acreage was correctly stated, but by mistake and inadvertence the metes and bounds expressed only included lot 6. Said Lewis forthwith delivered possession of all of said nine acres to Brown. He caused a portion thereof to be surveyed and subdivided into blocks, lots, and streets, and on March 30, 1894, filed in the office of the county recorder of San Mateo County a map showing these subdivisions and streets. The strip of land in suit was the westerly end of block 2 according to said map, being the westerly thirty-seven feet of lots 11 to 19 thereof, both inclusive, prolonged across two streets shown on said map, Cypress Avenue and Hill Street. West of said strip and adjoining the same, another street, Laurel Avenue, was shown on said map, the lots named above fronting thereon. Immediately thereafter he caused the lots shown on the map to be staked out, and the streets to be opened, graded, and turnpiked, and ever since then they have been open, and used by the public as desired. He sold and conveyed lots by reference to said map. On April 5, 1894, he mortgaged a portion of the property to the Occidental Building and Loan Association, describing the property mortgaged by reference to said map, including lots 11 to 16, both inclusive, in block 2, as laid out on said map. On January 24, 1900, in foreclosure proceedings brought thereon, a decree of foreclosure sale was given, and at the sale thereunder defendant Charles E. Dugan purchased all of the mortgaged property, and subsequently received the commissioner's deed, and he thereafter transferred the property to the defendant Lydia Dugan, since when she has been in possession thereof. The defendants took the land relying on the correctness of said map both as to lots and streets, and believing that such streets had been dedicated as a means of access to the lots, and will suffer great loss shall the streets be now closed or obstructed. Until July 26, 1901, Brown continued in possession of all of said lot 5, except that portion embraced in the lots and streets shown on the map, and the lot was assessed every year to and including the year 1901 to him.

Plaintiff's deraignment of title consists of a subsequent deed from Brown to one William F. Sawyer of lot 5 of the

Mezes Ranch, a quitclaim deed for the same property dated November 7, 1901, from said Sawyer to her, and a decree quieting her title as to the same property as against Harriet M. Lewis, in an action to quiet title commenced by her on December 27, 1901.

Prior to the commencement of her action to quiet title, plaintiff had actual notice of the sale by Lewis to Brown of the whole of lots 5 and 6, and of the error in the Lewis-Brown deed, of Brown's going into possession of all of said property, and of the laying out, opening, grading, and turn-piking of the streets shown on the map.

The foregoing facts are shown by findings as to which there is more than ample support in the evidence. The trial court also found, in addition to the probative facts above stated, that plaintiff is the owner of those portions of the land in controversy that are included in Hill Street and Cypress Avenue, as shown on said map, and of the portion thereof included in lots 17, 18, and 19 of block 2, according to the Brown map, being the portion not covered by the Brown mortgage under which defendants deraign title, but that she is not the owner or entitled to the possession of the remaining portion of said strip—viz., the portion covered by the Brown mortgage. It further found that she was not entitled to the possession of the portion embraced in said streets, and that defendants had not ousted or ejected plaintiff from any part of the land. Upon these findings, judgment was given for defendants.

It is manifest that in so far as plaintiff claims under Brown, her only source of title other than the decree quieting her title as against Lewis, her rights are subordinate to those of defendant Lydia Dugan, who acquired by mesne conveyances under a prior deed from Brown. Said defendant acquired under this chain of deeds as against Brown the absolute ownership of that portion of the land in controversy, which is included in the lots purchased at the foreclosure sale, being portions of lots 11 to 16, both inclusive, of block 2.

Regardless of any question as to whether the portions of said strip included in Cypress Avenue and Hill Street became public highways, there can be no question that as to those acquiring under Brown according to and on the faith of the map filed by him, they became highways as against Brown and his successors. They acquired the same rights as to the

land shown on the plat as such streets as against Brown and his successors, as they would if such streets were in fact public streets. Their rights in this respect are established under the doctrine of estoppel *in pais,* which is held applicable to the vendor who has declared to the purchaser that the parcels are streets, in favor of those who act thereon in making the purchase. The matter has been discussed many times by this court, but it is unnecessary to do more here than to cite the case of *Prescott* v. *Edwards,* 117 Cal. 298, [59 Am. St. Rep. 186, 49 Pac. 178]. So far, therefore, as plaintiff acquired under Brown, while she acquired the fee in the streets, she held it under the same conditions as her predecessor had held it, and subject to the same burden. As to those who had purchased under him on the faith of his declaration of record that the land constituted portions of public streets, she was bound by such declaration equally with him (Code Civ. Proc., sec. 1849), and, therefore, was not entitled to the possession thereof as against such purchasers.

As to the claim of plaintiff based upon the decree quieting her title to all of the property as against Lewis: The trial court found, upon sufficient evidence, that plaintiff commenced this action with full notice of defendants' equities. The utmost possible effect of the decree was to make plaintiff the successor, with full notice of the equities of defendants, of such rights as Lewis had in the property on the day the action to quiet title was commenced, December 27, 1901. Conceding that the bare legal title to the land in controversy was then in Lewis, defendant Lydia Dugan, by reason of the probative facts found as to the mistake in the deed from Lewis to Brown, had, as successor and purchaser from Brown, a perfect equitable right as against Lewis to the land she had purchased under Brown, and to the unobstructed use as streets of the necessary streets depicted on the Brown map, including Hill Street and Cypress Avenue. It is well settled that such equitable rights constitute a full and complete defense as against the bare legal title in an action of ejectment. (See *Hoppough* v. *Struble,* 60 N. Y. 430; *Walker* v. *Brem,* 67 Cal. 600, [8 Pac. 320]; *Meeker* v. *Dalton,* 75 Cal. 154, 158, [16 Pac. 764].) In the last case cited, the defense was asserted by the successor of the grantee in whose deed the mistake was first made (the mistake being repeated in the deed from such

grantee to the defendant, Dalton), and sustained as against a subsequent grantee with notice of the original grantor. This court said: "It is apparent that when Ringer (the original grantee) purchased and went into possession of the lot in controversy, he became the equitable owner of it; and when he sold to the defendants, the latter succeeded to all his rights. It is also apparent that when the plaintiff received his deed to the lot, he took only such right as his grantor had, and that was the naked legal title. The defendant, then, having the equitable title, coupled with the possession, the question is, could he set up that title as a defense to an action of ejectment brought against him by the holder of the legal title?" It was held that he could. Quoting from *Hoppough* v. *Struble,* 60 N. Y. 430, and declaring that the same rule obtains in this state, the court said: "A reformation of the deed is not necessary, but the same facts which will entitle defendant thereto will establish his equitable right to possession, and constitute a defense as effectual as the legal title." We can conceive of no good reason why this defense is not as available against plaintiff, the successor of Mrs. Lewis, with full notice of defendants' equities, as it would have been against Mrs. Lewis herself.

It thus appears that the conclusion of the trial court to the effect that plaintiff was not entitled as against defendant Lydia Dugan, to the possession of any portion of the land in controversy other than the small portion thereof included in block 2, being portions of lots 17, 18, and 19 thereof, was the necessary result of the specific probative facts found, the finding as to the right to possession of those portions included in Cypress Avenue and Hill Street being construed, as it must be when taken in connection with the other findings, to mean no more than that plaintiffs are not entitled as against said defendant to any such possession as would interfere with the use thereof as streets. This finding as to the right to possession is, under the circumstances shown by the record, sufficient to require the judgment that plaintiff take nothing by her action. It is unnecessary to consider the question as to whether the finding that plaintiff is not the "owner" of the portion of block 2 of which the defendant Lydia Dugan is the equitable owner, is technically correct or not. She did have the bare legal title thereto, but nothing more, and this

bare legal title was ineffectual for any purpose as against the defendants' equities.

There is no other point made requiring notice.

The order denying plaintiff's motion for a new trial is affirmed.

Sloss, J., and Shaw, J., concurred.