[Civ. No. 1507.   Third Appellate District.—July 31, 1916.]

REBECCA BROWN, Respondent, v. D. J. CANTY, Appellant.

APPEAL—JUDGMENT-ROLL—ORDERS NOT INCORPORATED IN BILL OF EXCEPTIONS—REVIEW NOT PERMITTED.—Upon an appeal taken from a judgment in an action to quiet title upon the judgment-roll without any bill of exceptions or statement of the case, the appellate court can only consider such papers and orders as are declared by the code to constitute a part of the judgment-roll; notwithstanding included in the transcript there are certain exhibits and orders upon which reliance is made for a reversal of the judgment.

APPEAL from a judgment of the Superior Court of Fresno County.   George E. Church, Judge.

The facts are stated in the opinion of the court.

E. A. Williams, for Appellant.

Burns & Watkins, for Respondent.

ELLISON, J., *pro tem.*—Plaintiff brought this action to quiet her title to a quarter-section of land in Fresno County.

Her complaint alleged facts showing the legal title to the land to be in her. The defendant, for answer, denied plaintiff's title. He then alleged a certain contract entered into between him and certain other parties, viz., J. E. Hughes, T. E. Braly, and W. J. Hotchkiss, the result of which was that Hotchkiss had purchased the land described in the complaint from the state of California, but had the state make its deed to one Barthold, in trust for said Hotchkiss and this defendant; that plaintiff had full knowledge of defendant's interest in said land at the time she purchased it from Hotchkiss, to whom Barthold had deeded it. He alleged his interest in the land was an undivided four-tenths, and that notwithstanding plaintiff had knowledge of his claim and interest, she obtained a deed from said Hotchkiss and said Barthold conveying to her said quarter-section of land. Judgment went for the plaintiff and the defendant appeals from the judgment without any bill of exceptions or statement.

The complaint states a cause of action and the findings support the judgment.

The only points relied upon for a reversal are: (1) That defendant having introduced in evidence a *lis pendens* filed in an action entitled *Canty* v. *Hotchkiss* stating defendant's right therein to this same land, (2) this was notice to Mrs. Brown and to the court that defendant claimed an interest in the land and that the plaintiff knew of his claim when she bought the land from Hotchkiss; and this all being true, (3) the court erred in denying defendant's motion to compel Hotchkiss and Barthold to intervene herein in order that the judgment might bind all parties interested in the land, and (4) that no valid judgment could be entered without their presence. But, unfortunately for appellant, the court is unable upon this record to consider any of these suggested matters. Upon this appeal we may only consider such papers and orders as are declared by the code to constitute a part of the judgment-roll. None of the evidence introduced upon the trial by either party is a part of the judgment-roll. Therefore, we do not know what evidence the plaintiff introduced, we do not know that defendant introduced the *lis pendens* referred to nor that he made any proof of the existence of the contract set up in his answer, nor that he made any motion for an order that Hotchkiss and Barthold be compelled to intervene (see Code Civ. Proc., sec. 387), nor that the court

denied any such motion. It is true there are certain exhibits and orders printed in the transcript, but they have no place therein, not being any part of the judgment-roll.

This is so thoroughly settled that a citation of authority is unnecessary, but one case will be referred to. In *Pedrorena v. Hotchkiss,* 95 Cal. 636, 638, [30 Pac. 787, 788], it is said: "There are two minute orders printed in the transcript, from one of which it appears that the default was set aside and defendant allowed to answer upon certain stated conditions, and from the other, that the answer filed was stricken out, because defendant had failed to comply with the conditions upon which the default was set aside, and he was permitted to answer. The statute does not make these minute orders part of the judgment-roll. (Code Civ. Proc., sec. 670.) They are, therefore, improperly in the record—there being no bill of exceptions—and we cannot notice the points attempted to be made in regard to them."

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.