[S. F. No. 7737. In Bank.—February 5, 1918.]

## W. S. OVERTON, Appellant, v. WM. S. NOYES et al., Respondents.

MINING CORPORATION—STATUTE—POSTING BALANCE SHEET—APPLICABILITY OF STATUTE TO CORPORATION OPERATING MINE OUTSIDE THE STATE.—Section 588 of the Civil Code requiring the secretary of every mining corporation whether organized under the law of this state, or of some other state, to post a balance sheet in a conspicuous place in the office of the company, and imposing a penalty for failure to comply, applies to corporations organized in this state for the purpose of conducting mining in another state.

APPEAL—ORDER STRIKING OUT PARTS OF COMPLAINT—RECORD—TRANSCRIPT ON APPEAL.—Where on appeal from a judgment it is sought to review an order striking out parts of the complaint, but it is impossible from the order to determine the specific parts of the complaint thus stricken out, the motion to strike out and the order made thereon referring to certain lines and pages of the complaint, and the complaint being printed in the transcript without any reference to the original paging and lines, an appellate court is not called upon to review such order.

ID.—RECORD—MOTION AND ORDER TO STRIKE OUT PARTS OF PLEADING.—Under section 670 of the Code of Civil Procedure as amended by Statutes of 1907, page 720, an order striking out part of a pleading is a part of the judgment-roll, but the motion to strike out is not a part of the judgment-roll, even though it be printed in the transcript.

PLEADING—STRIKING OUT PARTS—FORM OF ORDER.—Since orders striking out parts of a pleading are part of the judgment-roll the better practice would be to incorporate in such orders all the portions so stricken out, so that the judgment-roll, as a whole, would show unmistakably the matter stricken out.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Wm. F. Rose, and Bruce Glidden, for Appellant.

Harding & Monroe, for Respondents.

WILBUR, J.—This is an appeal from a judgment rendered on demurrer upon the ground that the complaint "does not state facts sufficient to constitute a cause of action." The plaintiff, a stockholder in a mining corporation, organized under the laws of the state of California, and operating a mine in the state of Texas, but none in this state, sued to recover the penalty provided in section 588 of the Civil Code for failure to post in a conspicuous place in the office of the company the balance sheet therein required to be so posted. The question raised here is whether or not the section applies to the corporation in question. The statute reads as follows: "It is the duty of the secretary of every corporation formed for the purpose of mining, or conducting mining in California, whether such corporation be formed and

organized under the laws of the state of California or of any
other state, territory, or foreign country, to keep at some
place within the state of California,'' etc. It is claimed by
respondent that the words ''in California'' modify the
phrase ''corporation formed for the purpose of mining'' as
well as the phrase ''or conducting mining in California.''
An examination of the history and purpose of this law will
assist in its construction. The first statute on this subject
was enacted in 1874 (Stats. 1873–74, p. 866), and was en-
titled, ''An act for the better protection of the stockholders
in corporations, formed under the laws of the state of Cali-
fornia, for the purpose of carrying on and conducting the
business of mining.'' Section 1 thereof provided: ''It shall
be the duty of the secretary of every corporation formed
under the laws of the state of California, for the purpose of
mining, to keep,'' etc. Then follow various requirements,
amongst others, ''and shall make out a balance sheet, show-
ing the correct financial condition of the corporation.'' This
balance sheet is required to be ''open to examination and
inspection upon demand by any such stockholder.'' In 1880
this statute was again amended (Stats. 1880, p. 134) and it
was there required that ''such account or balance sheet shall
be verified under oath by the president and secretary and
posted in some conspicuous place in the office of the com-
pany.'' In 1897 this statute was again amended (Stats.
1897, p. 38) and for the first time the phrase ''or conducting
mining in California'' was introduced into the statute. The
amendment read: ''Sec. 1. It shall be the duty of the secre-
tary of every corporation formed for the purpose of mining,
or conducting mining in California, to keep,'' etc. The
phrase ''or conducting mining in California'' added nothing
to the section as it theretofore read, unless it applied to cor-
porations organized outside of the state of California and
''conducting mining in California,'' for as the section pre-
viously read it covered the activities of all corporations or-
ganized in the state of California for the purpose of mining,
whether within or without the state of California; unless, of
course, as contended by the respondent, the phrase ''in Cali-
fornia'' thus added related back to and modified the phrase
''formed for the purpose of mining,'' as well as the newly
added phrase ''conducting mining.'' If the latter conten-
tion is correct, the purpose of the amendment was to limit the

provisions of the statute to corporations "mining in California," thereby excluding from the provisions of the act corporations theretofore controlled thereby, viz., those organized in California for conducting mining outside of California. If that were the purpose it would have been simple to have said: "Sec. 1. It shall be the duty of every corporation mining in California to," etc. The fair inference seems to be that the legislature intended to broaden the scope of the law by the added words "or conducting mining in California," rather than to limit its effect. This latter view is strengthened by the fact that the phrase "or conducting mining in California" is separated by commas from the phrase "purpose of mining"; and is made clear by a proviso showing that the evil sought to be remedied was the sale of mining stock in public exchanges in California, where the stockholders were not furnished the information in that section provided for their benefit. This proviso is as follows, viz.: "Provided that this section shall apply only to mining corporations whose stock is listed and offered for sale at public exchange, and shall not apply to mining corporations whose stock is not listed in the public exchange and is not offered for public sale." It was obviously in furtherance of this legislative plan to make the same requirements of mining corporations, whether formed outside of or within California, if the stock of such corporation was sold in public exchange in California. Bearing in mind that the words "mining" and "conducting mining" are synonymous, it is evident that, at the time of the codification of this law in 1905 (Stats. 1905, p. 585), the legislature in examining the first clause of this section, "It shall be the duty of the secretary of every corporation formed for the purpose of mining, or conducting mining in California," etc., observed that the statute was susceptible of the construction that it only fixed the duty of the secretary of mining corporations organized under the laws of California, and to make it perfectly clear that it was intended to assert jurisdiction over those "conducting mining in California," no matter where organized, the codifier added the words "whether such corporation be formed and organized under the laws of the state of California, or of any other state, territory, or foreign country," so that we now have the language of the section as first hereinabove quoted. The history of this section then shows that, for the

protection of stockholders and the public in California
against fraud and misrepresentation in the sale and manipula-
tion of stocks, the legislature first passed a law applicable
to all mining corporations formed in the state; that they
subsequently so modified the language as to include cor-
porations "conducting mining in California" even if or-
ganized outside the state, and that to make this more definite
and clear finally enacted the section in the form in which
we now have it. Taking into consideration the history of
the law and the purposes for which it is enacted, it is evident
that it applies to corporations organized in this state for the
purpose of conducting mining in another state. As the
appellate court of the first district well said, "We think a
consideration both of the object of the act, namely, the better
protection of stockholders in mining corporations, and the
grammatical construction of the provision, leads to the con-
clusion that a corporation conducting its business as the
one here, is included within the scope of the section," and
the history of this legislation makes this conclusion even more
certain.

Appellant complains of an order striking out a portion of
his complaint. This order, under section 670 of the Code of
Civil Procedure, as amended in 1907 (Stats. 1907, p. 720),
is a part of the judgment-roll. The order is a minute order
sustaining the demurrer and granting the motion to strike
out in part, and reads as follows: "It is further ordered that
said defendants' motion for order striking out parts of plain-
tiff's first amended complaint be and the same is hereby denied
as to assignments 1 and 2, and granted as to assignment 3
of said defendants' motion." It is impossible, of course,
to determine from this order what portions of the complaint
were stricken out. The motion to strike out is not a part
of the judgment-roll, though it is printed in the transcript
in this case. If we refer to that motion, the third specifica-
tion is as follows: "Commencing with the word 'that' in line
7 on page 6, down to and including the word 'damage' in line
29 on page 7 of said complaint." If, then, we turn to the
complaint we find that it is printed in the transcript without
any reference to the original paging and lines. It is ob-
viously impossible to ascertain from the record what portion
of the complaint was stricken out. In view of the fact that
orders striking out parts of the pleadings are now a part

of the judgment-roll, the better practice would be to incorporate in the order itself all the portions so stricken out so that the judgment-roll as a whole would show unmistakably the matter stricken out. Of course, this would not be necessary where whole paragraphs are stricken out. Under these circumstances we do not feel called upon to review the order striking out portions of the complaint, especially in view of the fact that the complaint may be amended, if necessary, in order to present the various elements entering into the damage alleged to have been suffered by the plaintiff.

The judgment is reversed with directions to the trial court to overrule the demurrer, with leave to plaintiff to amend his complaint if so advised.

Sloss, J., Victor E. Shaw, J., *pro tem.*, Richards, J., *pro tem.*, Shaw, J., and Angellotti, C. J., concurred.