[Civ. No. 2618.    Third Appellate District.—May 24, 1923.]

## WILLIAM H. BOSSEN, Respondent, v. F. E. BEAN, Appellant.

[1] APPEAL—ABSENCE OF PLEADINGS — DISMISSAL. — Where the record on appeal does not contain a copy of the pleadings upon which the findings of the trial court were made and the judgment entered, the appellate court is not furnished with a transcript, and under rule 2 of the supreme court it is proper to dismiss the appeal.

[2] PLEADING—WAIVER OF ERROR.—Error of the trial court in sustaining a demurrer or in striking out portions of a first amended answer is waived by the filing of a second amended answer and going to trial upon the issue raised thereby.

[3] APPEAL—JUDGMENT-ROLL—NOTICE OF MOTION TO STRIKE OUT.— A notice of motion to strike out is not part of the judgment-roll and it cannot be considered on appeal in the absence of a bill of exceptions.

[4] ID.—BURDEN OF SHOWING ERROR — INCOMPLETE RECORD. — It is incumbent upon the appellant to show prejudicial error to justify a reversal of the judgment, and the appellate court cannot say that the trial court erred in sustaining a demurrer to defendant's first amended answer where the second amended answer is not contained in the record on appeal.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. M'cDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur M. Bundy and W. P. Rich for Appellant.

J. E. Ebert for Respondent.

BURNETT, J.—The appeal is from the judgment and purports to be upon the judgment-roll, but the judgment-roll is not complete since it does not contain the second amended answer, one of the pleadings upon which the parties went to trial. Indeed, said answer does not appear in the transcript at all and there has been no suggestion of diminution of the record. The action was brought to recover the possession of a certain number of cattle or their value in case delivery could not be had. The original answer and the first amended answer are printed in the transcript, from which it appears that defendant admitted the ownership of plaintiff, but claimed the right to the possession of the cattle by virtue of the assignment of a chattel mortgage, of a judgment for a certain amount and of a claim for pasturage. Plaintiff demurred to each of said answers on various grounds and also moved to strike out certain portions thereof. The motion was granted and the demurrer in each instance was sustained. Instead of relying upon his first amended answer, appellant chose to file

another pleading, and hence this second amended answer and the complaint are the only pleadings that could be considered by this court (*Colton Land & Water Co.* v. *Swartz,* 99 Cal. 278 [33 Pac. 878]; *Bray* v. *Lowery,* 163 Cal. 256 [124 Pac. 1004]), but, of course, we cannot consider this second amended answer becouse wo do not know its character or contents.

[1] Indeed, since the record does not contain a copy of the pleadings upon which the findings were made and the judgment entered it cannot be said that we have been furnished with a transcript, and under rule 2 (176 Pac. vii) and the decisions of the supreme court it would seem proper to dismiss the appeal. (*Hart* v. *Plum,* 14 Cal. 148; *San Francisco & N. P. R. Co.* v. *Anderson,* 77 Cal. 297 [19 Pac. 517].)

[2] Moreover, if there was any error in sustaining the demurrer or in striking out portions of the first amended answer, it was waived by the filing of the second amended answer and going to trial upon the issue raised thereby. (*Ganceart* v. *Henry,* 98 Cal. 281 [33 Pac. 92]; *Brittan* v. *Oakland Bk. of Savings,* 112 Cal. 1 [44 Pac. 339].)

[3] In addition, as to the motion to strike out, it is impossible to determine from the printed record what portions were stricken out, since the notice of motion designated the portions by page and line of the amended answer as filed and not as printed, and there is no bill of exceptions in the case. Besides, the notice of motion is no part of the judgment-roll and we cannot consider it in the absence of a bill of exceptions. (*Brown* v. *Canty,* 31 Cal. App. 183 [159 Pac. 1056]; *Overton* v. *Noyes,* 177 Cal. 450 [170 Pac. 1110].)

[4] It is incumbent, of course, upon appellant to show prejudicial error to justify a reversal of the judgment, and assuming, for the sake of argument, that the court erred in sustaining the demurrer, we cannot say that it was prejudicial when we are not apprised of the contents of the second amended answer and of the evidence upon which the case was tried.

We may add, though, that an examination of said first amended answer and the demurrer thereto convinces us that the trial court was right in the ruling.

No motion has been made to dismiss the appeal upon the ground that the transcript is imperfect, but, at any rate, since no error has been shown, the judgment must be affirmed and it is so ordered.

Finch, P. J., and Hart, J., concurred.