[Civ. No. 3080. Third Appellate District.—March 18, 1926.]

HENRI HAURET, Respondent, v. VINCENT PEDELA-BORDE, Appellant.

[1] PARTNERSHIP—PURCHASE OF INTEREST IN BUSINESS—DIVISION OF PROFITS AND LOSSES.—Where the owner of a laundry business sells a one-half interest therein to another, and the agreement is silent as to any division of the profits or losses, or as to the manner in which the business should be conducted, but the two parties thereafter conduct said business as partners, an agreement to divide the profits and losses is imported into the agreement as an incident of the joint venture.

[2] ID.—JOINT ENTERPRISE—ACCOUNTING.—Irrespective of whether said parties were or were not partners, as that term is applied to relationships created and stipulated to be such, they were engaged in a joint enterprise or undertaking and were entitled to an accounting in the event of the termination of such enterprise.

[3] ID.—DIVISION OF PROFITS—IMPLIED AGREEMENT.—Where parties enter into a joint enterprise and the contract is silent as to their respective duties and obligations, the law implies that they are entitled to an equal division of profits.

[4] ID.—JUDGMENT-ROLL—MINUTE ORDERS—EVIDENCE—FINDINGS—AP-PEAL.—Minute orders do not constitute any part of the judgment-roll, and though included in the clerk's transcript on appeal, cannot be considered even though set forth and certified as being correct;

1. See 20 Cal. Jur. 692.

2. See 14 Cal. Jur. 765.

3. Rights in profits of a joint enterprise, notes, 17 Ann. Cas. 1024; 50 L. R. A. (N. S.) 1047. See, also, 15 R. C. L. 502.

4. See 2 Cal. Jur. 519.

and on appeal from a judgment in an action for a partnership accounting, a minute order relating to a purported stipulation of counsel cannot be relied on as evidence to support a finding of the trial court based upon a stipulation made in open court, where there is nothing in the reporter's notes, certified by the judge of the trial court to be correct, showing what the stipulation referred to in the finding may have been or that there was, in fact, any stipulation.

[5] ID.—MONEY JUDGMENT—DEFINITE SUM—FINDINGS.—In an action for a partnership accounting, before judgment can be entered in favor of the plaintiff for a definite sum of money, it must be found that the defendant has collected and has in his possession a definite sum of money to which the plaintiff is entitled, or has converted to his own use and withheld from the plaintiff a definite sum to which the plaintiff is entitled.

---

(1) 30 Cyc., p. 349, n. 1.    (2) 33 C. J., p. 861, n. 54, p. 867, n. 41. (3) 33 C. J., p. 861, n. 49, 50, p. 862, n. 62.    (4) 4 C. J., p. 119, n. 16, p. 120, n. 18, p. 123, n. 44.    (5) 1 C. J., p. 629, n. 27; 30 Cyc., p. 711, n. 94, p. 737, n. 73, p. 749, n. 72.

APPEAL from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Reversed.

The facts are stated in the opinion of the court.

Edward Schary for Appellant.

Harris & Hayhurst and R. C. Gibson for Respondent.

PLUMMER, J.—Action for an accounting. Plaintiff had judgment against the defendant for $300. Defendant appeals.

[1] On or about the seventh day of February, 1921, pursuant to an agreement relative to the purchase and sale of an interest in a certain laundry business conducted in the city of Fresno, county of Fresno, state of California, the defendant executed and delivered to the plaintiff an instrument in writing, of which the following is a true copy:

"February 7th, 1921.

"Received of Henry Hauret the sum of Four Hundred ($400.00) Dollars on account of the sum of Twelve Hundred ($1200.00) Dollars, which said latter sum is the full purchase price of an undivided one half (½) interest in

and to that certain business known as the 'Parisian Laundry' in the City of Fresno, County of Fresno, State of California, together with a one half (½) interest in and to all the property, lease-hold interest and good will of said business; the balance of Eight Hundred ($800.00) Dollars payable on or before September 1st, 1921.

"It is understood and agreed by the parties hereto that the said Henry Hauret may, at his option, withdraw from the purchase of the business and property aforesaid, and that if in the event he so desires to withdraw therefrom, the above said Four Hundred ($400.00) Dollars will be returned to him without any deduction.

"Upon the payment of the aforesaid Eight Hundred ($800.00) Dollars, the undersigned will deliver to the said Henry Hauret a bill of sale to the one half (½) interest as aforesaid.

"V. PEDELABORDE."

At the time of the execution and delivery of said writing the plaintiff paid to the defendant the sum of $400 mentioned therein. Immediately after the execution and delivery of said writing and the payment by the plaintiff to the defendant of said sum of $400, the plaintiff and the defendant began and continued until on or about the first day of May, 1921, to conduct the laundry business mentioned in said writing. The court found that the plaintiff and defendant conducted said business during said period of time as partners. The writing referred to is silent as to any division of profits, or as to the manner in which the business should be conducted, nor has our attention been called to any testimony showing any specific agreement as to the division of profits and losses. The testimony does show that at the expiration of every week during the period of time when the plaintiff and defendant were engaged in the conduct of said laundry business, the cash receipts, after deducting the expenses of the enterprise, were equally divided between the plaintiff and the defendant. The absence of anything in the writing on this subject is wholly immaterial. As said in 20 Cal. Jur., page 692, section 11, "An agreement to divide profits and losses is imported by every agreement of partnership, independently of any stipulation in this respect by the parties to the relationship," and as said in *Duryea* v. *Burt*,

28 Cal. 569, quoting from the opinion on page 577, "it is not necessary that there should be an express stipulation between the parties to share the profits and losses, as that is an incident to the prosecution of their joint business." [2] Irrespective of whether the plaintiff and defendant were or were not partners, as that term is applied to relationships expressly created and stipulated to be such, the plaintiff and the defendant were engaged in a joint enterprise or undertaking and, therefore, entitled to an accounting in the event of a termination of such enterprise. That an accounting may be had of the relationship which, in law, constitutes a joint enterprise in equity has been expressly decided by this court. (*Peardon* v. *White*, 65 Cal. App. 463 [224 Pac. 263], and cases there cited.) [3] Where parties have entered into a joint enterprise and the contract is silent as to their respective duties and obligations, it has been held that the law implies that the parties are entitled to an equal division of profits. (*El Paso Ice Co.* v. *Consumers Ice Co.* (Tex. Civ. App.), 141 S. W. 551.) Other cases might be cited supporting what has just been said, but we think the foregoing sufficient.

The court did not err in holding that the plaintiff was entitled to an accounting, as that would necessarily follow from the relationship constituting the partnership or a joint enterprise. Upon the termination of the business relation between the plaintiff and the defendant on the first day of May, 1921, the defendant returned to the plaintiff the $400 mentioned in the writing hereinbefore set forth, and the controversy now relates only to a settlement of accounts appearing on the books kept of the business conducted by the plaintiff and defendant during the continuance of their business relations.

[4] The main reason urged by appellant for reversal herein is that the record contains no testimony supporting finding number 12, which finding is as follows: "The court further finds from the evidence and the stipulation made in open court by the attorneys representing the respective parties, that the receipts from February first to May first, during the year 1921, exceeded all expenditures and liabilities incurred during said period, by the sum of six hundred dollars and eighty-five cents ($600.85)." There is nothing in the reporter's notes, certified by the judge of the trial

court to be correct, showing what the stipulations referred to in the finding may have been or that there were, in fact, any such stipulations. It is true that in the clerk's transcript included with the papers constituting the judgment-roll, as provided by section 670 of the Code of Civil Procedure, there appears the following copy of the clerk's minutes: "The above entitled cause came on this day for further hearing, Rue Gibson appearing as counsel for the plaintiff, and Edward Schary appearing as counsel for the defendant. Henri Hauret is recalled and testifies for the plaintiff, and, it is adjudged that a partnership existed between the parties, and by stipulation of counsel, it is agreed that the figures given the court as taken from the books are correct, and that the court may render judgment without an accounting. It is ordered that judgment be, and it is hereby entered herein in favor of the plaintiff for the sum of $300.42, each party to pay his own costs." This copy has since been certified by the clerk of the trial court of Fresno County as being a true and correct copy of the original minute order entered in said cause. Minute orders, however, do not constitute any part of the judgment-roll and cannot be considered even though set forth and certified as being correct. In deciding this question, the supreme court in *Knowles* v. *Baldwin*, 125 Cal. 224 [57 Pac. 988], used the following language: "We cannot notice the entries in the transcript purporting to be minute orders. They are inserted after the certificate of the clerk to the judgment-roll and are not certified as being a part of it, and if so certified they would not be a part of it." That minute orders are not any part of the judgment-roll is also held in *Harper* v. *Minor*, 27 Cal. 107; *Von Schmidt* v. *Widber*, 99 Cal. 511, 515 [34 Pac. 109]. This court, in *Brown* v. *Canty*, 31 Cal. App. 183 [159 Pac. 1056], ruled as follows upon this question: "The statute does not make these minute orders part of the judgment-roll. They are, therefore, improperly in the record—there being no bill of exceptions—and we cannot notice the points attempted to be made in regard to them." See, also, *Bossen* v. *Bean*, 62 Cal. App. 293 [216 Pac. 404]. Likewise stipulations ordinarily constitute no part of the judgment-roll. (*Spreckels* v. *Ord*, 72 Cal. 86 [13 Pac. 158]; 2 Cal. Jur. 519, sec. 258.) Even if the minutes of the court could be resorted to in this case, they are so

indefinite and uncertain as to the stipulations of counsel in relation to the figures given to the court that no inferences can be drawn therefrom to support the challenged finding. What the figures were does not appear. They are not set forth in the clerk's minutes, nor do they appear in the reporter's transcript of the testimony. It is true that counsel for the respective parties have set forth in their briefs certain figures and argued that certain conclusions should be drawn therefrom. We have no means of ascertaining the correctness of the figures, whether they were introduced in evidence or which conclusion is correct. The figures nowhere appear in the transcript as having been introduced in evidence, nor is there any testimony in the transcript to show what conclusions should be drawn therefrom. It may be here stated that the findings do not show the receipts of the partnership, nor do they show the expenditures and liabilities of the partnership. There is a conclusion to the effect that the receipts from February 1st to May 1st exceeded all expenditures and liabilities in the sum of $600.85.

[5] As the cause must be reversed and sent back for want of testimony to support the finding referred to, we also call attention to the fact that the findings do not show that the defendant has collected and has possession of the sum of money referred to in the finding. There is an allegation in the complaint that the defendant has collected a large sum of money and refused to account therefor to the plaintiff, and that such allegation is true, but that is not a finding as to the amount of money which the defendant has collected and has in his possession to which the plaintiff is entitled. It must be found that the defendant has collected and has in his possession a definite sum of money to which the plaintiff is entitled, or has converted to his own use and withheld from the plaintiff a definite sum to which the plaintiff is entitled, before judgment can be entered in favor of the plaintiff against defendant for such definite sum of money. Being controlled by the decisions to which we have referred and section 670 of the Code of Civil Procedure, it becomes necessary on account of the reasons herein stated to reverse the judgment of the trial court, and it is so ordered.

Hart, J., and Finch, P. J., concurred.