[Civ. No. 12423.   First Dist., Div. Two.   Mar. 2, 1943.]

P. F. SIEVERS et al., Appellants, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation) et al., Respondents.

Dennett & Paul for Appellants.

Thos. J. Straub and W. R. Dunn for Respondents.

DOOLING, J. pro tem.—This is an appeal from a judgment dismissing an action for declaratory relief. The appeal is taken on the judgment roll alone. The notice of appeal recites:

"Said appeal will be taken upon the Judgment Roll and the said appellant requests that a transcript be prepared of the said Judgment Roll."

The transcript certified by the clerk consists of copies of the complaint, a notice of motion to dismiss, the judgment of dismissal and the notice of appeal. The points urged for reversal are all based upon the claimed insufficiency of the grounds of motion set out in the notice of motion to dismiss. In this respect appellants state in their closing brief: "The only issue is whether or not a motion will lie to dismiss an action on the grounds specified."

Respondents object to a consideration of any of these grounds because the notice of motion to dismiss is no part of the judgment roll and hence not properly before us. We are convinced of the correctness of this position.

Section 670 Code of Civil Procedure provides in detail what

shall constitute the judgment roll. No mention is made therein of a notice of motion to dismiss, or any other notice. Subdivision 2 of that section does include "the pleadings," but a notice of motion is obviously not a pleading. Section 422 Code of Civil Procedure enumerates the pleadings allowed to both plaintiff and defendant and no mention is made therein of any notice of motion. Section 422 is found in tit. VI, part II, Code of Civil Procedure which deals with the subject of pleadings in civil actions. The subject of motions, including notices of motion, is dealt with in an entirely distinct portion of the same code, chaps. IV and V, tit. XIV, part II. There is no basis upon which a notice of motion can be held or considered to be a part of the judgment roll. (*Overton* v. *Noyes*, 177 Cal. 450, 454 [170 P. 1110]; *King* v. *Dugan*, 150 Cal. 258, 260 [88 P. 925]; *Bacon* v. *Robson*, 53 Cal. 399; *Morris* v. *Angle*, 42 Cal. 236; *Bossen* v. *Bean*, 62 Cal.App. 293 [216 P. 404].)

It is a commonplace of our appellate procedure that on an appeal on the judgment roll alone we cannot consider any document not legally a part of the judgment roll. (2 Cal.Jur. p. 520 sec. 529; 1 Cal.Jur. 10-Yr. Supp. 373-374; 1 Cal.Jur. 1942 Pocket Pt. 134.)

Because of the failure of appellants to supply a record supporting any of their claims of error the judgment must be affirmed. It is so ordered.

Nourse, P. J., and Spence, J., concurred.