[L.A. No. 27255.   In Bank.   Dec. 12, 1963.]

RUBY JOHNSON, as Executrix, etc., et al., Plaintiffs and Appellants, v. HAYES CAL BUILDERS, INC., Defendant and Respondent; CONTINENTAL CASUALTY COMPANY, Intervener and Respondent.

William A. Friedrich for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Anderson, McPharlin & Conners and Luther L. Jensen for Intervener and Respondent.

TOBRINER, J.—We are called upon to determine whether a default judgment taken against a defendant to this action may be set aside as void on its face because the defendant, a corporation, improperly substituted itself in propria persona in the place of its attorneys. We hold that although the surety on defendant's attachment bond may intervene subsequent to the hearing on the default to show the invalidity of the default proceedings, the improper substitution does not affect the validity of the judgment.

Elmer L. Johnson, the original plaintiff,[1] brought this action

---

[1] Plaintiff died pending appeal, and his executor and executrix have been substituted as plaintiffs.

against Hayes Cal Builders, Inc. (Hayes Cal), C. O. Brand, Inc. (Brand), and Anchor Casualty Co. (Anchor). In his amended complaint plaintiff alleged that he had advanced $25,000, with interest at one per cent per month, to Brand, and in consideration of the advance Brand assigned to plaintiff funds which might thereafter become due to Brand from Hayes Cal on account of labor and materials supplied by Brand to Hayes Cal. Alleging that such amount due from Hayes Cal to Brand constituted $25,000 plus interest, and that such sum had not been paid to plaintiff, plaintiff asked for judgment against Hayes Cal and Brand in the amount of $25,000 plus interest at one per cent per month.

During the period of the pleading stage of this action plaintiff secured a writ of attachment against Hayes Cal and served the writ upon the Bank of America; the bank answered in the amount of $28,000. Subsequently plaintiff and Hayes Cal stipulated to the release of the attachment upon the filing of a release of attachment bond by Hayes Cal. Pursuant to the stipulation Hayes Cal filed such a bond issued by Continental Casualty Company (Continental), the intervener herein, and the court ordered the attachment released.

Hayes Cal counsel answered the complaint on August 4, 1960, but on September 28, 1960, Hayes Cal filed with the court a document entitled "Substitution of Attorneys" by which it purported to substitute itself in propria persona in the place of its attorneys of record. Hayes Cal's attorneys consented to the substitution, and on October 20, 1960, the attorneys notified plaintiff of the substitution.

Subsequently plaintiff served a set of written interrogatories upon Hayes Cal. Plaintiff mailed the interrogatories directly to the corporation and not to the former attorneys of record. Upon the failure of Hayes Cal to serve answers to the interrogatories within the prescribed period of time, plaintiff moved, pursuant to Code of Civil Procedure section 2034, subdivision (d), to strike Hayes Cal's answer to the first amended complaint. The court ordered the answer stricken. After the expiration of the requisite time, plaintiff, on January 27, 1961, entered Hayes Cal's default. Upon holding a default hearing, the court on March 20, 1961, entered judgment for plaintiff against Hayes Cal in the amount of $25,000, plus interest and costs.

On August 28, 1961, seven months after plaintiff had entered Hayes Cal's default, Continental moved for an order

setting aside the default and judgment, and for an order permitting it to intervene on the ground of the invalidity of the judgment so taken against Hayes Cal. The trial court entered an order which permitted Continental to intervene; the court set aside the default and judgment. Plaintiff appeals from that order.

Continental's principal contention is that the judgment against Hayes Cal cannot stand because the interrogatories were improperly served upon Hayes Cal in propria persona after it had purportedly substituted itself in place of its attorneys; Continental asserts that Hayes Cal, a corporation, could not represent itself in propria persona. Before adjudicating that question, however, we must decide whether Continental may intervene under Code of Civil Procedure section 387. That section provides that "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. . . ."

Here, Continental, as surety on Hayes Cal's release of attachment bond, "has an interest" in the success of Hayes Cal in this action. (*Drinkhouse* v. *Van Ness* (1927) 202 Cal. 359 [260 P. 869].) As Continental's petition for intervention does not deny liability, and as Hayes Cal has apparently abandoned the defense of this action, the considerations which precluded intervention in *Corridan* v. *Rose* (1955) 137 Cal.App.2d 524, 530 [290 P.2d 939], do not arise in the instant action.

Likewise, pursuant to the statutory requirement that intervention be "before trial," Continental filed a timely motion for intervention. Although a default has been held to be equivalent to a trial within the statutory language (*Stern & Goodman Inv. Co.* v. *Danziger* (1929) 206 Cal. 456 [274 P. 748]; *Martin* v. *Lawrence* (1909) 156 Cal. 191 [103 P. 913]; *Hibernia etc. Society* v. *Churchill* (1900) 128 Cal. 633 [61 P. 278, 79 Am. St. Rep. 73]) the intervener did not raise in any of these cases, as Continental does here, the invalidity of the default judgment on its face. By asserting such invalidity, Continental questions the authenticity of the default hearing, placing in issue whether a valid default hearing actually occurred. The statute presupposes a valid trial; the intervener here may properly question that presupposition. Failure to permit intervention for this limited purpose would necessitate a separate action to set aside the judgment,

contrary to the statutory purpose of intervention, which aims to eliminate a multiplicity of actions. (*County of San Bernardino* v. *Harsh California Corp.* (1959) 52 Cal.2d 341, 346 [340 P.2d 617]; *Belt Casualty Co.* v. *Furman* (1933) 218 Cal. 359, 362 [23 P.2d 293].)

In addition, we note that a judgment which is void on its face may be set aside by the court on its own motion (*Olivera* v. *Grace* (1942) 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328]; *City of Salinas* v. *Luke Kow Lee* (1933) 217 Cal. 252 [18 P.2d 335]) so that Continental's intervention does no more than direct the court's attention to a matter which it could have examined and resolved itself.

Continental's motion for an order setting aside the default, coming more than six months after the default had been entered, could not be addressed to the trial court's discretion under the third paragraph of Code of Civil Procedure section 473. Rather, Continental's contention is, and must be, that the judgment was void on its face and could be set aside by the court despite the expiration of the six-month period. We proceed hereinafter to demonstrate the failure of Continental's arguments: the judgment roll cannot show that the judgment on its face was void because the roll does not include the allegedly invalid notices of motions and affidavits; even if it did so, the corporation, although it files an invalid notice of substitution of attorneys, remains competent to receive such notices; the judgment cannot now be attacked upon the ground of extrinsic mistake; the judgment does not fail to dispose of the whole controversy.

■ The validity of the judgment on its face may be determined only by a consideration of the matters constituting part of the judgment roll. (*Borenstein* v. *Borenstein* (1942) 20 Cal.2d 379, 381 [125 P.2d 465]; *City of Salinas* v. *Luke Kow Lee* (1933), *supra,* 217 Cal. 252; *Canadian etc. Co.* v. *Clarita etc. Co.* (1903) 140 Cal. 672, 675 [74 P. 301]; *Petition of Furness* (1923) 62 Cal.App. 753, 756 [218 P. 61].)

Section 670 of the Code of Civil Procedure defines the judgment roll as "[T]he pleadings, all orders striking out any pleading in whole or in part ... and a copy of the judgment. ..." ■ Neither motions or notices of motions (*Overton* v. *Noyes* (1918) 177 Cal. 450, 454 [170 P. 1110]; *Totten* v. *Barlow* (1913) 165 Cal. 378, 380 [132 P. 749]; *Prescott* v. *Grady* (1891) 91 Cal. 518, 519 [27 P. 755]; *Sievers* v. *Pacific Gas & Elec. Co.* (1943) 57 Cal.App.2d 455

[134 P.2d 850] ; *Shuey* v. *Bunney* (1935) 4 Cal.App.2d 408, 411 [40 P.2d 859] ; *Spaulding & Co.* v. *Chapin* (1918) 37 Cal.App. 573, 578 [174 P. 334]) nor affidavits of service of notices (*Jacks* v. *Baldez* (1892) 97 Cal. 91, 92 [31 P. 899] ; *Dimick* v. *Campbell* (1866) 31 Cal. 238, 240; *Yurkas* v. *Zampatti* (1942) 49 Cal.App.2d 95, 96 [121 P.2d 17] ; *Hurley* v. *Lake County* (1931) 113 Cal.App. 291, 295 [298 P. 123]) are part of the judgment roll.

The notice of substitution of Hayes Cal in propria persona, the affidavit of service of that notice, the affidavit of service of interrogatories, the notice of motion to strike the answer for failure to serve answers to the interrogatories and the affidavit of service of that notice do not compose any part of the judgment roll; any irregularity in such affidavits and notices would not render the judgment void on its face.

Even if these notices of motions and affidavits of service did form a part of the judgment roll, Hayes Cal's attempt to substitute itself in propria persona should not affect the validity of the proceedings here. Whatever considerations may support a ruling that a corporate litigant cannot proceed as the moving party in propria persona (*Paradise* v. *Nowlin* (1948) 86 Cal.App.2d 897 [195 P.2d 867] ; *Himmel* v. *City Council* (1959) 169 Cal.App.2d 97 [336 P.2d 996]), we perceive no reason for holding that a corporation cannot, because of its own filing of an invalid notice of substitution of attorneys, receive, and be bound by, notices served upon it. Any such determination would permit a corporate litigant seriously to disrupt pending proceedings merely by filing a notice of substitution of itself in propria persona. Although the corporation may strip itself of the armour of representation by counsel, it cannot thereby weld the armour into a sword to sever the effect of subsequent service upon it.

Citing *Corey* v. *Weerts* (1963) 214 Cal.App.2d 416 [29 Cal.Rptr. 533], Continental contends on appeal that the judgment against Hayes Cal cannot stand because it was obtained by extrinsic mistake. In *Corey* "the trial court concluded that there was sufficient extrinsic mistake shown." (P. 424.) The record before us fails utterly to show that Continental offered any evidence in the trial court of extrinsic mistake; the postjudgment proceedings were directed solely to the question of the validity of the judgment on its face. Continental may not initially raise on appeal this lately born contention of extrinsic mistake.

Continental lastly contends that the judgment entered

against Hayes Cal should be set aside because it is neither final nor dispositive of the whole controversy. Yet the judgment entered by the trial court disposed of the entire controversy between plaintiff and Hayes Cal. In view of the propriety of a several judgment the court could enter its judgment adjudicating all the claims between these two parties without pronouncing judgment on the yet unresolved controversies between plaintiff and the other defendants. (Code Civ. Proc., § 579; *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.* (1953) 41 Cal.2d 785 [264 P.2d 5, 41 A.L.R. 2d 1037]; *Rocca* v. *Steinmetz* (1922) 189 Cal. 426 [208 P. 964].) *Stockton Combined Harvester & Agricultural Works* v. *Glen's Falls Ins. Co.* (1893) 98 Cal 557 [33 P. 633] and *David* v. *Goodman* (1948) 89 Cal.App.2d 162 [200 P.2d 568], cited by Continental, do not apply here because they involve judgments which fail to resolve the controversies between the same parties. (*Rocca* v. *Steinmetz, supra.*)

In a situation such as the instant case in which an attack upon a judgment must be determined by a consideration of the judgment roll alone "every presumption is in favor of the validity of the judgment, and any condition of facts consistent with its validity will be presumed to have existed rather than one which will defeat it." (*City of Salinas* v. *Luke Kow Lee, supra,* 217 Cal. 252, 256; *Borenstein* v. *Borenstein, supra,* 20 Cal.2d 379, 381; *Canadian etc. Co.* v. *Clarita etc. Co., supra,* 140 Cal. 672, 674.) Nothing appears in the judgment roll before us to rebut the presumption of validity; the trial court's implied finding to the contrary lacks legal foundation.

The order appealed from is reversed insofar as it sets aside the default of, and the judgment against, Hayes Cal. Plaintiff shall recover costs on appeal against Hayes Cal and Continental.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Peek, J., concurred.