[Civ No. 752. Fifth Dist. May 8, 1967.]

ROBERT G. BROCKWAY et al., Plaintiffs and Respondents, v. JOHN J. HEILMAN et al., Defendants and Appellants.

Weitkamp, Riddle & Bedrosian and Lawson Riddle for Defendants and Appellants.

Freedman, Mathews & Astor and John L. Mathews for Plaintiffs and Respondents.

STONE, J.—This appeal is from a judgment for money damages, general and punitive, in an action for fraud and deceit arising out of an agreement for the sale of cafe and bar businesses, on-sale liquor license, and the real property upon which the businesses were conducted. The judgment also ordered appellants to deliver up for cancellation certain instruments executed in connection with the transaction.

The trial, which was had before the court without a jury, was not reported. The appeal is before us on the clerk's transcript and the only exhibits are those which are a part of the transcript. Since it is a judgment roll appeal (*White* v. *Jones,* 136 Cal.App.2d 567, 569 [288 P.2d 913]) the sufficiency of the evidence to support the findings is not open to question. (*Kopf* v. *Milam,* 60 Cal.2d 600, 601 [35 Cal.Rptr. 614, 387 P.2d 390].)

In February 1963 appellants, by written agreement, sold respondents their cafe and cocktail lounge businesses and the real property upon which the businesses were located in Mono County, together with an on-sale liquor license issued by the State of California. The total sale price of $42,000 was allocated $22,000 to the real property and businesses, and $20,000 to the liquor license. Respondents paid $5,500 cash, assumed a first deed of trust upon which a balance of $15,003.88 was due, and gave two promissory notes each in the sum of $10,945.83. One note was secured by a second deed of trust on the real property subject of the sale, the other was secured by a second deed of trust on property of respondents located in Orange County.

The real property and all personal property except the liquor license was conveyed to respondents, who were in possession of the premises and operating both businesses, at the time the sale was agreed upon. Appellants agreed to transfer the liquor license when the balance remaining on each of the two promissory notes was reduced to $5,500.

Respondents alleged, in their complaint, that at the time appellants entered into the agreement for the sale of the real property, the businesses and the liquor license, they did not intend to transfer the liquor license and, further, that appel-

lants refused to perform the agreement to transfer the liquor license for the purpose of defrauding respondents.

Appellants denied the allegations of the complaint, and affirmatively alleged that respondents defaulted in the performance of the agreement, thereby releasing appellants from any obligation to perform.

The trial court found that at the time appellants entered into the agreement of sale they had no intention of transferring the liquor license to respondents, that appellants failed to perform the agreement, and that their course of conduct toward respondents was fraudulent and for the purpose of cheating and defrauding them out of the sum of $20,000. The court also found appellants' affirmative defense that respondents failed to perform the agreement to be untrue.

Reference is made in the briefs of both parties to some facts not appearing in the record. ██ We point out that since this is a judgment roll appeal the following rules apply: Error must be affirmatively shown by the record and will not be presumed on appeal (*People* v. *Mitchell,* 63 Cal.2d 805, 818 [48 Cal.Rptr. 371, 409 P.2d 211]); the validity of the judgment on its face may be determined by looking only to the matters constituting part of the judgment roll (*Johnson* v. *Hayes Cal Builders, Inc.,* 60 Cal.2d 572, 576 [35 Cal.Rptr. 618, 387 P.2d 394]); where no error appears on the face of a judgment roll record, all intendments and presumptions must be in support of the judgment (Cal. Rules on Appeal, rule 52; *Dumas* v. *Stark,* 56 Cal.2d 673, 674 [16 Cal.Rptr. 368, 365 P.2d 424]); the sufficiency of the evidence to support the findings is not open to consideration by a reviewing court (*de Vries* v. *Brumback,* 53 Cal.2d 643, 647-648 [349 P.2d 532]); and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it (*Johnson* v. *Hayes Cal Builders, Inc., supra,* at p. 578; *de Vries* v. *Brumback, supra*).

██ Appellants question whether respondents had the right to sue in tort, rather than for breach of contract, in view of the allegations of the complaint. They assert that under the pleadings respondents restricted themselves to a cause of action for breach of contract. They point out that the complaint alleges the making of an agreement and appellants' failure to perform, which are essential elements in a breach of contract action.

██ This argument overlooks the allegations of fraud, namely, that appellants did not intend to transfer the liquor

license when they entered into the agreement, that their purpose in refusing to perform was to defraud respondents of $20,000. Respondents did not allege rescission or tender because they elected to proceed on the ground of fraud.

If the complaint is ambiguous, or even states two causes of action without separately stating them, the objection was waived by failure to demur. As far as the record goes, it appears that no objection to the form of pleading was made at the time of trial.

Without question, the allegations of fraud in the inception and fraudulent failure to perform state a cause of action for fraud. A promise made with no intention of performing is actionable fraud where the other party relies upon it as an inducement to enter into an agreement. (Civ. Code, § 1572; subd. 4; § 1710, subd. 4; *Pearson* v. *Norton,* 230 Cal.App.2d 1, 10 [40 Cal.Rptr. 634]; *Aman* v. *Batt,* 205 Cal.App.2d 180, 184-185 [23 Cal.Rptr. 34]; *Berkey* v. *Halm,* 101 Cal.App.2d 62 [224 P.2d 885].) According to 2 Witkin, Summary of California Law (1960) section 192, page 1377: "A promise to do something necessarily implies the *intention to perform,* and, where such intention is absent, there is an implied misrepresentation of fact, which is actionable fraud."

In these circumstances respondents had two choices, either to rescind the agreement and restore to appellants the property received under it, or to affirm the contract and sue for damages. (*Kaluzok* v. *Brisson,* 27 Cal.2d 760 [167 P.2d 481, 163 A.L.R. 1308].) We learn from *Bagdasarian* v. *Gragnon,* 31 Cal.2d 744, at page 750 [192 P.2d 935]: "When a party learns that he has been defrauded, he may, instead of rescinding, elect to stand on the contract and sue for damages, and in such case his continued performance of the agreement does not constitute a waiver of his action for damages."

The right of election is vested in the person defrauded, not in the wrongdoer. (*Quarg* v. *Scher,* 136 Cal. 406 [69 P. 96].) Respondents elected to affirm the contract and seek damages, as was their right. (*Stockton* v. *Newman,* 148 Cal.App.2d 558, 564 [307 P.2d 56].)

There remains appellants' argument that the trial court used an erroneous method in assessing damages. It is asserted, first, that under Civil Code section 3343 as explicated in *Bagdasarian* v. *Gragnon, supra,* any recovery by respondents is restricted to "the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any

additional damage arising from the particular transaction.''
We find no departure from this rule; respondents received the
real property and businesses valued at $22,000, they paid
$7,353.88 in excess of $22,000, and the judgment is for exactly
$7,353.88. The balance due on the outstanding notes was like-
wise in excess of the value of the property received, and
therefore properly ordered cancelled along with the deeds of
trust securing them.

 Appellants also contend that the $5,000 judgment
for exemplary damages cannot stand because Civil Code
section 3294 limits punitive damages to actions ''not arising
from contract'' and, here, respondents sought damages for
breach of contract. They cite *Bagdasarian* v. *Gragnon, supra,*
in support of this argument. However, in *Ward* v. *Taggart,* 51
Cal.2d 736 [336 P.2d 534], the Supreme Court clarified the
*Bagdasarian* rule by pointing out that where the gravamen of
an action is not a breach of contract as such, but rather is the
fraud inherent in the breach, exemplary damages may be
awarded. For example, had respondents rescinded, waived the
fraud, and sued on the contract, no exemplary damages could
be awarded, under Civil Code section 3294. This was the situ-
ation in *Crogan* v. *Metz,* 47 Cal.2d 398, 404 [303 P.2d 1029],
where the plaintiff waived the tort and sued on a common
count.

Here, however, respondents did not rescind and seek to be
placed in the position they were in at the time the agreement
was made. They elected to keep the real property and sue for
damages suffered by reason of appellants' fraud in not
delivering the liquor license. To paraphrase the language of
*Ward* v. *Taggart, supra,* 51 Cal.2d at page 743, appellants'
fraud was not waived, it was made the foundation of the
action upon an implied-in-law promise to disgorge what they
had received as payment for a liquor license they never
intended to deliver and which they refused to deliver. (*Mc-
Cauley* v. *Dennis,* 220 Cal.App.2d 627, 634 [34 Cal.Rptr.
90].) The applicable rule is stated thus in *Coleman* v.
*Ladd Ford Co.,* 215 Cal.App.2d 90, 94 [29 Cal.Rptr. 832] :
''Section 3343 of the Civil Code does not state that the out-of-
pocket rule is the exclusive measure of damages for fraud.
. . . the rule announced in *Ward* v. *Taggart* reestablishes the
right of recovery of damages other than upon the 'out-of-
pocket rule in fraud sale cases; *that such right is cumulative
and alternative* to that embraced by the rule in the *Bagda-
sarian* case; . . .'' (Italics added.)

The judgment roll supports the finding that appellants were guilty of fraud, and thereby justifies the award of exemplary damages.

The judgment is affirmed.

Conley, P. J., and Gargano, J., concurred.