[Civ. No. 8989.   Fourth Dist., Div. Two.   Oct. 23, 1968.]

DAVID F. RYERSON et al., Plaintiffs and Respondents, v. RIVERSIDE CEMENT COMPANY, Defendant and Respondent; THE PEOPLE ex rel. PUBLIC UTILI-TIES COMMISSION, Intervener and Appellant.

Mary Moran Pajalich and John C. Gilman for Intervener and Appellant.

No appearance for Plaintiffs and Respondents.

Reid, Babbage & Coil, Enos C. Reid and Michael H. Clepper for Defendant and Respondent.

TAMURA, J.—The People, on relation of the Public Utilities Commission, appeal from an order denying its motion for leave to intervene in an action brought by plaintiffs Ryerson and Phillips, doing business as Phillips Trucking Co. (Phillips), a highway permit carrier, against defendant Riverside Cement Company (Riverside) to recover alleged undercharges for certain shipments made in 1957.

The history of this protracted litigation may be summarized as follows:

In 1958 the Public Utilities Commission (Commission) conducted an investigation into the operations and practices of Phillips and found that it had undercharged Riverside for certain shipments of gypsum rock by charging multiple lot rates without issuing shipping documents in conformity with Commission tariffs. The applicable regulation, known as Item 85-A, Minimum Rate Tariff No. 2, provided in substance that before a multiple lot shipment may qualify for the rates prescribed therefor, the entire shipment must be available and tendered at one time, a single shipping document must be issued prior to or at the time of the first pickup and the entire shipment must be picked up within two days. Following a hearing the Commission rendered its decision and order directing Phillips to review its past records to determine whether undercharges in addition to those found by the Commission occurred and to take such action as may be necessary to collect them.

Pursuant to that order Phillips reviewed its records and filed the present undercharge action on April 29, 1959. The complaint alleged that for certain shipments made in 1957 Phillips had undercharged defendant Riverside in the sum of $17,003.81, and prayed for a declaration of the rights and obligations of the parties under the Commission's decision and order. Riverside denied the undercharges and cross-complained for a decree to reform the manifest freight bills issued by Phillips to conform with Item 85-A of the Commission's tariff regulations alleging that by mutual mistake the documents failed to conform with the oral agreement of the parties respecting the terms and conditions of the shipments and that had they so conformed they would have met Com-

mission requirements so as to qualify the shipments for the lower multiple lot rates.

Thereafter Phillips and Riverside filed an agreed statement of facts in which they stipulated that in 1957 they entered into an oral agreement for Phillips to haul gypsum rock from Plaster City, California to Ora Grande, California, in sufficient quantities to meet the shipper's requirements, estimated at 600 tons per week; that they agreed that the shipments were to be made in accordance with applicable Commission regulations; that Phillips hauled 412 shipments in groups of 3, 4, 5 and sometimes 6 within a 48-hour period; that Riverside paid the rate applicable to multiple lot shipments; that the 412 shipments, together with 9 shipments investigated by the Commission, if treated as separate shipments, would have resulted in an undercharge of $17,003.81; that if the shipments were treated as multiple lot shipments in accordance with the oral agreement of the parties, no undercharges would have resulted; and that Phillips' failure to issue proper shipping documents was the result of a mutual mistake.

The court made findings in accordance with the agreed statement and on October 14, 1960, entered a decree ordering reformation of the manifest freight bills issued by Phillips and adjudged that Phillips take nothing by its complaint.

On August 16, 1961, the People, on relation of the Commission, filed an independent equitable action to vacate the judgment in the undercharge action, alleging in substance that the freight bills issued by Phillips were not the result of a mistake, that the agreed statement and judgment were collusive and that the court exceeded its jurisdiction in granting the relief decreed. Defendant's demurrer to the complaint was sustained, judgment of dismissal was entered and the People appealed.[1]

This court reversed the judgment. (*People* ex rel. *Public Util. Com.* v. *Ryerson*, 241 Cal.App.2d 115 [50 Cal.Rptr. 246] [March 1966].) We held that the complaint alleged facts sufficient to entitle the People to equitable relief for extrinsic fraud and for lack of jurisdiction in the court below to enter its decree reforming the shipping documents on the basis of

[1]Defendant moved to vacate the judgment of dismissal on the ground that the prevailing party on the demurrer was the only one who could request entry of such judgment. On May 25, 1962, the court granted the motion and entered an order vacating the judgment of dismissal. The People appealed from the order and this court reversed in *People* ex rel. *Public Util. Com.* v. *Ryerson*, 4 Civil 7735 (March 24, 1966) [241 Cal. App.2d 115 (50 Cal.Rptr. 246)], thus reinstating the judgment of dismissal enabling the People to take an appeal therefrom.

the agreed statement. The Supreme Court denied a hearing and the matter was remanded to the superior court.[2]

On March 20, 1967, the People, on relation of the Commission, filed a petition for leave to intervene, together with a complaint in intervention and a demurrer to the cross-complaint. in the principle undercharge action. The complaint in intervention alleged in substance that Phillips had failed to collect the full amount of the established minimum rate for the shipments in question, that Phillips and Riverside filed the agreed statement to frustrate collection of undercharges, and that Phillips has an unconditional duty to collect undercharges in the sum of $17,003. An ex parte order granting leave to intervene was initially entered, that order was vacated without prejudice to a noticed application, and upon a noticed application intervention was denied. ■ The People appeal from the order denying intervention. The order is an appealable order. (*Bowles* v. *Superior Court,* 44 Cal.2d 574, 582 [283 P.2d 704]).

■ Section 387 of the Code of Civil Procedure provides that ''[a]t any time before trial'' any person who has an interest in the matter in litigation may intervene in an action. We previously held that the preservation of the integrity of the Commission's order directing collection of the undercharges constituted a sufficient interest to entitle the People to intervene in the principle undercharge action. (*People* ex rel. *Public Util. Com.* v. *Ryerson, supra,* 241 Cal.App.2d 115, at p. 120.) Defendant Riverside, however, urges that intervention was sought too late because the judgment had become final long before the application was made.

Although the statute requires that intervention be ''before trial,'' it has been construed as presupposing a valid trial. In *Johnson* v. *Hayes Cal Builders, Inc.,* 60 Cal.2d 572 [35 Cal. Rptr. 618, 387 P.2d 394], a motion to intervene, though made five months after entry of a default judgment, was held to be timely where intervention was sought on the ground that the judgment was void on its face. The People contend that under the applicable law announced by this court in *People* ex rel. *Public Util. Com.* v. *Ryerson, supra,* 241 Cal.App.2d 115, the judgment in the present undercharge action is void on its face and that, hence, the fact that the judgment had become final did not preclude intervention.

---

[2]Though not disclosed by the record in the present case, the briefs reveal that on March 15, 1967, the People filed a motion for summary judgment in the independent equitable action and that on June 16, 1967, the motion was denied.

794

In *People* ex rel. *Public Util. Com.* v. *Ryerson, supra,* we held that an allegation that the judgment in the undercharge action was based upon a stipulation between the carrier and the shipper that the failure of the carrier to issue shipping documents in compliance with Commission regulations was the result of a mistake on the part of the carrier alleged facts sufficient to show that the court exceeded its jurisdiction in granting the relief decreed. We noted that section 1759 of the Public Utilities Code prohibits any court, except the Supreme Court, from exercising jurisdiction to review, reverse, correct, or annul any order or decision of the Commission or to interfere with the Commission in the performance of its official duties and concluded: ''To hold that the shipping documents can be 'reformed' on the facts set forth in the stipulation and in the manner decreed would not only nullify the decision and order of the commission but would virtually render ineffective Item 85-A of the tariff regulation. For the foregoing reasons, the judgment was in excess of the court's jurisdiction (*Pratt* v. *Coast Trucking Co.,* 228 Cal.App.2d 139 [39 Cal.Rptr. 332]; Public Utilities Code, section 1759).'' (*People* ex rel. *Public Util. Com.* v. *Ryerson, supra,* 241 Cal.App.2d 115, 122.)

While our resolution of the legal issues presented in *People* ex rel. *Public Util. Com.* v. *Ryerson, supra,* may not fall within the technical classification of ''law of the case'' insofar as the undercharge action is concerned, it is binding upon the parties to the present action under the doctrine of res judicata. (*Lake* v. *Bonynge,* 161 Cal. 120, 124 [118 P. 535]; *Grable* v. *Grable,* 180 Cal.App.2d 353, 359 [4 Cal.Rptr. 353]; *Phillips* v. *Patterson,* 34 Cal.App.2d 481, 485 [93 P.2d 807].) The legal issue respecting the jurisdiction of the superior court to reform the shipping document on the ground of mistake was finally determined by this court in *People* ex rel. *Public Util. Com.* v. *Ryerson, supra,* may App.2d 115.

The agreed statement filed by the carrier and shipper discloses that the only justification offered for noncompliance with Item 85-A of the Commission's regulations was the carrier's failure to comply with the oral terms and conditions of the shipments. Under the applicable law as declared in *People* ex rel. *Public Util. Com.* v. *Ryerson, supra,* the agreed statement, which constituted the findings and is a part of the judgment roll, discloses that the court exceeded its jurisdiction in ordering a reformation of the shipping document. The

judgment entered in the undercharge action is, therefore, void on its face. (See *Johnson* v. *Hayes Cal Builders, Inc., supra,* 60 Cal.2d 572; *Brockway* v. *Heilman,* 250 Cal.App.2d 807, 810 [58 Cal.Rptr. 772].)

Defendant contends that the People lack standing to challenge the validity of the judgment because by virtue of the denial of intervention, it never became a party to the present action. The argument is without substance.

Intervener is not appealing directly from the judgment. A stranger to an action who is aggrieved by a void judgment may move to vacate the judgment, and on denial of the motion may have the validity of the judgment reviewed upon an appeal from the order denying the motion. (*Luckenbach* v. *Laer,* 190 Cal. 395, 398 [212 P. 918]; 3 Witkin, Cal. Procedure (1954) p. 2177.) A judgment void on its face may be set aside on motion without any time limitation. (*Baird* v. *Smith,* 216 Cal. 408, 410 [14 P.2d 749]; 3 Witkin, Cal. Procedure (1954) p. 2117.) While in the present case the People's motion to intervene did not expressly include a motion to vacate the judgment as in *Johnson* v. *Hayes Cal Builders, Inc., supra,* the petition and complaint in intervention clearly reveal that intervention was premised on the absence of a valid judgment. An appeal from the order denying intervention, therefore, necessarily places in issue the validity of the judgment.

Defendant makes the ingenious argument that acceptance of the People's position that intervention was timely because there has been no "valid trial" would be self-defeating in that a mandatory dismissal under section 583 of the Code of Civil Procedure would then be in order for failure to bring the action to trial within five (5) years. The contention is without merit. In the case under review submission of the case on the agreed statement of facts satisfied the requirement that the action be brought to trial within five years. The statute merely requires commencement of trial and not its completion. (*City of Los Angeles* v. *Superior Court,* 15 Cal.2d 16, 20-21 [98 P.2d 207].) Where factual issues have been resolved by admissions in the answer or by stipulation, and the matter has been submitted on issues of law leading to its final determination, the requirement of section 583 has been met. (*Martin* v. *Gibson,* 48 Cal.App.2d 449, 451 [119 P.2d 1012]; see *Berri* v. *Superior Court,* 43 Cal.2d 856, 860 [279 P.2d 8].)

Finally, defendants contend that an unreasonable

delay in seeking intervention justified its denial. However, the delay in the final resolution of this litigation has been largely beyond the control of the People. Although it filed its independent action to vacate the judgment in August 1961, it was required to prosecute two intervening appeals before it could move the case beyond the demurrer stage. Moreover, we are not here dealing with an ordinary litigation involving private rights, but rather with a matter of vital public concern; namely, the effective prosecution of an undercharge action. (*Keller* v. *Thornton Canning Co.*, 66 Cal.2d 963, 968-969 [59 Cal.Rptr. 836, 429 P.2d 156]; *R. E. Tharp, Inc.* v. *Miller Hay Co.*, 261 Cal.App.2d 81, 86 [67 Cal.Rptr. 854].) While the People, instead of prosecuting the independent equitable action, could have sought direct intervention sooner[3] and while the motion to intervene should have included a request to vacate the judgment in the present case, strict adherence to procedural niceties must give way to the overriding public interest in the maintenance of the integrity of the regulations and orders of the Commission and of the rate structure of an important industry. Both public interest and the interests of justice demand the present controversy be finally resolved on its merits without further procedural delays. Although the independent equitable action now appears to be at issue, a judgment in that action could be subject to a further appeal; should the People finally prevail in that action, it must still seek intervention in the present action and a denial could lead to still another appeal. Intervention now in the present action is an appropriate means of obviating such delays and multiplicity of actions. (*Johnson* v. *Hayes Cal Builders, Inc., supra,* 60 Cal.2d 572, 576; *County of San Bernardino* v. *Harsh Cal. Corp.,* 52 Cal.2d 341, 346 [340 P.2d 617]; *Elms.* v. *Elms,* 4 Cal.2d 681, 684 [52 P.2d 223, 102 A.L.R. 811].)

The order denying intervention is reversed with directions to vacate the judgment and to permit the People to file its complaint in intervention and demurrer to defendant's cross-complaint, and that further proceedings be had thereon and in this matter consistent with this opinion.

McCabe, P. J., and Fogg, J. pro tem.,* concurred.

---

[3]The People justify the delay in seeking direct intervention on the ground that until *Johnson* v. *Hayes Cal Builders, Inc., supra,* 60 Cal.2d 572, such right was not known to exist where judgment had been entered. *Johnson,* however, was decided in December 1963.

*Assigned by the Chairman of the Judicial Council.