In re Roy David GILMAN and Kazuko Gilman, Debtors.

Albert M. RAU, Trustee, Plaintiff,

v.

John BENDER, Defendant.

Bankruptcy No. B–82–2973–PHX–GBN.

Adv. No. 85–131–GBN.

United States Bankruptcy Court, D. Arizona.

April 2, 1986.

Charles W. Lowe, Davis & Meyers, P.C., Phoenix, Ariz., for trustee, plaintiff.

Frederick Jones, Phoenix, Ariz., for debtors.

Martin D. LaPrade, Phoenix, Ariz., for defendant.

**236**

## OPINION

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

### I

 This proceeding is an action by the standing Chapter 13 Trustee objecting to the allowance as a claim of a judgment rendered by the Municipal Court of Riverside County, California, on April 4, 1982 for $7,520.22, plus costs and fees. 11 U.S.C. § 704(5).[1] This Court has jurisdiction as a core proceeding. 28 U.S.C. § 157(b)(2)(B). Previously, the parties stipulated the judgment lien itself is voidable as a preferential transfer due to recordation within 90 days of the filing of debtors' case. Pretrial Order, at 2–3, Docket Item 19; 11 U.S.C. § 547(b).

The issue presented is whether the Trustee can attack the prior judgment in this proceeding by alleging improper service and lack of subject matter jurisdiction. Because applicable law prohibits a collateral attack on the judgment's validity, the Trustee's challenge is rejected. The facts necessary to an understanding of this dispute follow.

### II

Debtor Roy David Gilman and defendant John Bender met in 1975 or 1976 while Bender operated a Fallbrook, California restaurant. In June of 1980, the parties orally agreed defendant would drive an Arizona truck owned by debtor and his business partner, Frank Mendez. According to Gilman, Bender was to receive 20% of the revenue generated through lease of the

vehicle by England Equipment Co. of Salinas, California. Exhibit 1.[2] The vehicle's owner would supply the driver, tractor, fuel and fund repairs in exchange for 67% of gross revenue from bookings made by England.

As a driver, Bender would request advances from England for food, fuel and repairs incurred on the road. These advances would be deducted by England from the monies due debtor. Exhibit 1, at 1; Exhibit 2.

Pursuant to debtor's testimony, $14,691.31 was due from England's billing of $20,987.33 for 19 trips, with Bender being entitled to $2,938.26 for his 20% share. However, Bender obtained $14,699.75 in advances during the period June 21, 1980 through September 30, 1980. When the operation started running a deficit and receipts supporting Bender's advances did not appear, England was instructed in September or October to have the truck return to Arizona. As advances exhausted all monies due, the vehicle was retired and defendant was instructed that nothing further was due him.

In November of 1981, debtor Gilman received a letter from the California Labor Commissioner[3] at Gilman's Arizona residence. He denies being served with any process concerning the subsequent California litigation. Bender, complainant in the labor matter, was aware of Gilman's address as he resided in the Arizona home in June, 1980, after he left California to work for debtor. Gilman moved to Arizona in 1979 from California, but continues to

---

1. While the Chapter 13 Trustee lacks the wide powers of a liquidation trustee—*Cf. Commodity Futures Trading Commission v. Weintraub*, — U.S. —, 105 S.Ct. 1986, 1993, 85 L.Ed.2d 372 (1985)—he has the power to object to improper claims if a purpose would be served thereby. 11 U.S.C. § 1302(b)(1). Defendant does not question the Trustee's standing here.

2. The document identifies the parties as England Equipment and Gil-Men Corporation of Fallbrook, California. Exhibit 1. However, debtor testified his business was never formally incorporated.

3. As amended, California law provides:

 The labor commissioner shall have the authority to investigate employee complaints. The labor commissioner may provide for a hearing and any action to recover wages, penalties, and other demands for compensation properly before the division or the labor commissioner including orders of the Industrial Welfare Commission, and shall determine all matters under his or her jurisdiction.
 California Labor Code § 98(a) (1986 Supp.).

maintain a California home, which he uses on occasion.

Mr. Mendez was supposed to hire a California attorney to handle the labor dispute. Mendez later assured Gilman the matter was "cleared up."

On April 10, 1981, the California Labor Commission entered an award adverse to debtor and Mendez as partners doing business as the Gilman Corporation[4] under complaint 09–81H–1154. The award was served on Mendez on May 12, 1981. The Commissioner concluded in a default decision that Gilman and Mendez had agreed to pay complainant 25% of the gross revenue generated by the partnership vehicle; based on a gross revenue of $37,950.15, Bender was entitled to compensation of $9,487.54 but only received $3,000.00. Consequently, an award of $6,487.54 was made against the partners, listed as doing business from a Fallbrook, California address. This is the same address listed by debtor as his California address in a December 10, 1980, letter he sent to the Commissioner concerning the labor complaint.

On May 21, 1981, a notice of appeal to the Riverside, California Municipal Court from the Commissioner's ruling was filed on behalf of Gilman and Mendez by California counsel.[5] Trial was set for August 10, 1981, but was continued by counsels' stipulation as, *inter alia*, appellants had not contacted their counsel.

At trial on February 26, 1982, in Hemet, California, both Gilman and Mendez failed to appear and prosecute their appeal. Following proof sufficient to that court that appellants had sufficient notice of the hearing, additional evidence was taken and a judgment of $7,520.22, with interest and attorney fees of $700.00, was entered on April 4, 1982.

On May 22, 1982, the municipal court approved counsel's request to withdraw representation of appellants for Mendez's failure to contact or communicate since

June, 1981. Defendant Bender did not appear at trial of this proceeding, although he was represented by legal counsel.

### III

The Trustee complains debtor was not personally served with California process and the Commissioner lacks jurisdiction over an oral employment contract created in Arizona. Apparently, neither defense was advanced in the prior litigation. By contrast, Bender alleged in his labor complaint that the contract was created in Riverside, California.

■ Under the full faith and credit statute, 28 U.S.C. § 1738, a federal court must give a state court judgment the same preclusive effect as the judgment would receive in that state. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Piatt v. MacDougall*, 773 F.2d 1032, 1034 (9th Cir.1985). Accordingly, it is necessary to look to the California state law on preclusion. *Marrese v. American Academy of Orthopaedic Surgeons*, —— U.S. ——, 105 S.Ct. 1327, 1331–35, 84 L.Ed.2d 274 (1985).

■ In California, a valid judgment on the merits bars completely any further litigation on the same cause of action. *Takahashi v. Board of Trustees*, 783 F.2d 848, 851 (9th Cir.1986), *citing Slater v. Blackwood*, 15 Cal.3d 791, 795, 126 Cal.Rptr. 225, 226, 543 P.2d 593, 594 (1976).

■ In a collateral attack on a California judgment, jurisdiction is presumed and cannot be challenged unless lack of jurisdiction appears on the face of the record. *Johnson v. Hayes Cal Builders*, 60 Cal.2d 572, 35 Cal.Rptr. 618, 621–22, 387 P.2d 394, 397–98 (1963). The face of the record (*i.e.*, the judgment roll) alone is examined when improper service is alleged. If the roll recites a finding of jurisdiction, the attack is precluded. If the judgment roll is silent,

---

**4.** *See* footnote 2, *supra.*

**5.** Appellate review of the Commissioner's decision is to the appropriate justice, municipal or

superior court within ten days of service of the adverse order. Labor Code, *supra*, at § 98.2(a) (1986 Supp.).

the judgment is still secure under the presumption of jurisdiction. 2 WITKIN, CALIFORNIA PROCEDURE, JURISDICTION § 279, at 685–86 (3d ed. 1985), *citing In re Eichhoff,* 101 Cal. 600, 36 P. 11 (1894); *Milstein v. Turner,* 89 Cal.App.2d 296, 299, 200 P.2d 799, 800–02 (1948).

■ The prior judgment, even if erroneous, is *res judicata* on matters which were raised or could have been raised in the prior litigation. *Busick v. Workmen's Compensation Appeals Board,* 7 Cal.3d 967, 975, 104 Cal.Rptr. 42, 48–49, 500 P.2d 1386, 1392–93 (1972). An affidavit of service is not part of the judgment roll for collateral attack purposes. *Johnson, supra,* 35 Cal.Rptr. at 621, and cases cited.

Thus, California requires that any attack on a judgment be made directly through the usual appellate process rather than in subsequent litigation. This is similar to federal preclusion law, where a judgment issued by a court lacking jurisdiction is valid when the jurisdictional issue was litigated in the prior action. *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963).

Under federal *res judicata* law, alleged lack of personal jurisdiction deprives a judgment of preclusive effect *if* debtor failed to appear in the California litigation. *Baldwin v. Iowa State Traveling Men's Association,* 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931); *In re Harlow Properties,* 56 B.R. 794, 799 (Bankr. 9th Cir.1985) (where party is not served and does not appear in his individual capacity, lack of service may be raised for first time in appeal of prior order).

Here, however, debtor expressly authorized his partner to "handle" the labor matter, resulting in representation of debtor in the municipal court appeal and the filing of pleadings on his behalf. Unfortunately for the estate, debtor's failure to supervise the lawsuit contributed to entry of a default judgment following trial.

■ The defense of lack of service is waived unless raised in a preliminary motion or in the first responsive pleading.

*Harlow Properties, supra,* at 799. Although preliminary pleadings were filed on behalf of debtor, alleged lack of jurisdiction was not raised. Docket Item A–9. *Res judicata* precludes a collateral attack based on defenses that *could* have been litigated in the prior proceeding. *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940); *Americana Fabrics v. L & L Textiles,* 754 F.2d 1524, 1529 (9th Cir.1985) (where party appears in state court and fails to raise defense of lack of personal jurisdiction, defense deemed waived). California law likewise precludes maintenance of a second suit based on an issue that could have been litigated in the first action. *Los Angeles Branch NAACP v. Los Angeles Unified School District,* 750 F.2d 731, 737 (9th Cir.1984).

■ The salutary doctrine of *res judicata* applies to jurisdictional as well as substantive issues. *Americana Fabrics, supra,* 754 F.2d at 1529, *citing Yanow v. Weyerhauser Steamship Co.,* 274 F.2d 274, 277 (9th Cir.1959); *Title v. United States,* 263 F.2d 28, 30 (9th Cir.1959). California law imposes the doctrine not just on the parties, but on their privies and those claiming under them as well. *Hirst v. State of California,* 770 F.2d 776, 778 (9th Cir.1985).

In attacking jurisdiction of the prior judgment, the Trustee is claiming a legal right through the debtor. As such, he is precluded, as is the debtor, under California law from mounting a successful challenge.

## IV

■ The evidence concerning the location of the oral contract is unclear. While debtor believes the parties contracted in Arizona, defendant's pleadings indicate a California situs. What is undisputed is that debtor had the opportunity to fully litigate jurisdictional questions when he authorized his associate to "handle" the labor dispute, and subsequently failed to monitor the matter. Representation of debtor in the judicial appeal, without raising these

issues, constitutes a waiver, which cannot be avoided by a trustee claiming through debtor. Unless reversed in a direct appeal, the prior judgment precludes the instant attack on defendant's claim. Accordingly, the Trustee's complaint and cause of action has been dismissed.