Filed 9/24/20  Marriage of A.P. & J.P. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re the Marriage of A.P. and J.P. | D076146 |
| A.P.,<br><br>        Appellant,<br><br>    v.<br><br>J.P.,<br><br>        Respondent. | (Super. Ct. No. 18FDV05478C) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel F. Link, Judge.  Affirmed.

Antonyan Miranda and Anthony J. Boucek, for Appellant.

Linda Cianciolo for Respondent.

A.P. appeals from a domestic violence restraining order (DVRO), contending the court erred in issuing the order for three months duration rather than a longer period.  She further contends the court erred by excluding their minor child as a protected person under the DVRO.

J.P. contends that the claim that the court erred by issuing a DVRO for a three-month period is moot because A.P. applied for and obtained a five-year renewal of the DVRO. J.P. further argues the trial court did not abuse its discretion by excluding the minor child from the DVRO.

FACTUAL AND PROCEDURAL BACKGROUND[1]

On December 21, 2018, A.P. filed an application for a DVRO against her husband, J.P., seeking to cover A.P., their two-year old minor child, and A.P.'s mother and father. On May 17, 2019, the court evaluated the evidence and concluded the minor child was not at risk of harm from J.P.: "I do not feel that [J.P.] clipping his daughter on the leg, I do not believe that he knowingly did that and purposely did that and meant to cause his child harm. I do not feel that by putting a diaper on too tightly that he meant to cause his daughter harm. I do not feel that [the minor] is unsafe in father's care. I'm taking [her] off the restraining order." The court granted the DVRO for three months, covering everyone except the couple's minor child.

In July 2019, A.P. filed the instant appeal challenging the three-month DVRO.

A.P. subsequently requested a renewal of the DVRO. On September 23, 2019, following a hearing, the family court (Judge Enrique Camarena) issued a first amended renewed DVRO against the same parties for five years under Family Code section 6345, subdivision (a).[2]

---

[1]    We grant A.P.'s request for judicial notice of court documents under Evidence Code section 452, subdivision (d)(1).

[2]    A DVRO "may be renewed, upon the request of a party, either for five years or permanently, without a showing of any further abuse since the issuance of the original order, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party." (Fam. Code, § 6345, subd. (a).) The test for

2

DISCUSSION

I.

We conclude that A.P.'s contention that the court erred by issuing a three-month DVRO has been rendered moot by A.P. seeking and obtaining a renewal of the DVRO for a period of five years. (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10 ["an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events"].) "Appellate courts generally will neither decide controversies that are moot nor render decisions on abstract propositions. [Citations.] 'A case is moot when the decision of the reviewing court "can have no practical impact or provide the parties effectual relief. [Citation.]" [Citation.] "When no effective relief can be granted, an appeal is moot and will be dismissed." ' " (*Steiner v. Superior Court* (2013) 220 Cal.App.4th 1479, 1485.) A.P.'s contentions have been rendered moot by the expiration of the first DVRO and the issuance of the five-year DVRO. (See *O'Kane v. Irvine* (1996) 47 Cal.App.4th 207, 210, fn. 4 ["[the] appeal from the TRO, following the trial court's grant of the three-year restraining order, is moot"].)

II.

The standard of review governing a court's issuance of a DVRO is abuse of discretion. (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1495; *Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140.) An abuse of discretion occurs when the ruling exceeds the bounds of reason. (*Lister v.*

---

renewing a restraining order is objective. (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 332; *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290.) "A trial court should renew the protective order, if, and only if, it finds by a preponderance of the evidence that the protected party entertains a 'reasonable apprehension' of future abuse." (*Ritchie*, at p. 1290.)

3

*Bowen* (2013) 215 Cal.App.4th 319, 333.) " 'The appellant bears the burden of showing a trial court abused its discretion.' " (*Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 299.) A party challenging a judgment has the burden on appeal to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) The court articulated specific reasons for not including the minor child in the DVRO. A.P. has not presented any reasoned argument explaining why the court's ruling was an abuse of discretion. "Error must be affirmatively shown by the record and will not be presumed on appeal [citation]; the validity of the judgment on its face may be determined by looking only to the matters constituting part of the judgment roll [citation]; where no error appears on the face of a judgment roll record, all intendments and presumptions must be in support of the judgment [citations]; the sufficiency of the evidence to support the findings is not open to consideration by a reviewing court [citation]; and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it." (*Brockway v. Heilman* (1967) 250 Cal.App.2d 807, 810; Cal. Rules of Court, rule 8.163.)

## DISPOSITION

The judgment is affirmed.  Each party is to bear its costs on appeal.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.